

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-2223
Re: Construction of Article 3240,
Revised Civil Statutes, 1925.

We are in receipt of your letter of April 13, 1940, requesting the opinion of this department upon the following questions:

"Is a person, not born in Texas, who has resided in Texas for more than three years, with the bona fide intention of being a citizen thereof, entitled to hospitalization in the State Tuberculosis Sanatorium?

"What constitutes 'the bona fide intention of being a citizen thereof' within the meaning and terms of the statute?"

Article 3240, Revised Civil Statutes, 1925, defining those entitled to be admitted to the State Tuberculosis Sanatoria, reads as follows:

"Persons afflicted with tuberculosis who shall have been citizens of this State and of the county from which he or she comes at the time of filing of their application with the county judge as hereinafter provided, shall be admitted to said institutions. A citizen of this State is defined to be any person who has actually resided therein with the bona fide intention of being a citizen thereof for a period of twelve months next preceding the date of such application."

We understand that in the administration of the Act a question has been raised as to whether an alien resident not born or naturalized in the United States, may be admitted

Honorable Harry Knox, Page 2

to the institution.

The term "citizen", like "residence" and "domicile" is not always capable of precise definition, but may in different circumstances be used in different senses. The following analysis is found in 14 C. J. S., p. 1127:

"It is not a term of exact meaning; it is capable of more meanings than one, and has been variously defined. In its primary sense it signifies one who is vested with the freedom and privileges of a city, a freeman of a city, as distinguished from a foreigner, or one not entitled to its franchises; an inhabitant of a city, a townsman. In a larger sense, the term denotes one who, as a member of a nation or of a body politic of a sovereign state, owes allegiance to, and may claim reciprocal protection from, its government; and it is sometimes defined as one who is domiciled in a country, and who is a citizen, although neither native nor naturalized, in such a sense that he takes his legal status from such country. * * *

"In American law 'citizen' is various defined as one who has a right to vote for representation in congress and other public officers, and who is qualified to fill offices within the gift of the people; one of the sovereign people; a constituent member of the sovereignty, synonymous with the people; a member of the civil state, entitled to all its privileges; free inhabitant born within the United States, or naturalized under the laws of congress; in a political sense, one who has the rights and privileges of a citizen of a state or of the United States.

"The particular meaning of the word 'citizen' is frequently dependent on the context in which it is found, and the word must always be taken in the sense which best harmonizes with the subject matter in which it is used. One may be considered a citizen for some purposes and not a citizen for other purposes, as, for instance, for commercial purposes, and not for political purposes.

"There is some confusion in legal nomenclature, in respect of the terms 'citizen', 'inhabitant',

and 'resident.' 'Citizen' is not necessarily synonymous or a convertible term, with 'inhabitant' or 'resident', and in some cases the distinction is important. 'Citizen' is, however, sometimes used synonymously with such terms without any implication of political or civil privileges. It may indicate a permanent resident, or one who remains for a time, or from time to time."

The Legislature in this instance has given a particular definition to the term "citizen" in the statute. As defined in Article 3240 it depends upon actual residence within the state for a period of twelve months next preceding the date of application coupled with the bona fide intention of "being a citizen" of the state. It will be noted that Article 3240 does not provide for a bona fide intention to become a citizen, but of being a citizen. Ordinarily state citizenship contemplates citizenship in the United States, by birth or naturalization, and of the state by domicile or residence. Evidently the Legislature did not have aliens in mind when enacting this statute, but was concerned with establishing a residence requirement which would probably be more or less permanent in its character. It is apparent that the purpose of the limitation is to safeguard against migration into the state in order to secure the benefits provided, and to deny admittance to transient persons who may be within the state only temporarily.

Two implications may be drawn from the language used. It may be reasonably contended that since citizens of the United States obtain state citizenship by residence within the state, the definition pre-supposes United States citizenship and only attempts to place a restriction upon the period of actual residence within the state of citizens of the United States who come into Texas from other states or foreign countries. On the other hand, it may be urged with equal force that the Legislature did not have in mind aliens and did not intend to exclude aliens who are domiciled here, or who are permanent inhabitants of the state, but set a minimum period of residence within the state accompanied by the bona fide intention to remain. Given this meaning the term "citizen" would not be used in the sense of implying political allegiance, or citizenship in its stricter sense, but as limiting the facilities of the Sanatorium to permanent inhabitants of the state.

Considering the subject matter and purpose of the statute; it is common knowledge that tuberculosis is a disease

Honorable Harry Knox, Page 4

which may be transmitted from one person to another and its control and prevention has been a source of much research and effort for a number of years. While the patient suffering from tuberculosis receives a peculiar benefit at the hands of the state through the medium of the Sanatorium, the establishment of such an institution is also a public health measure designed to benefit the public generally by eradication of the disease and the prevention of its transmission to others. We think the more reasonable construction is that the Legislature in defining the word "citizen" did not intend to confine it to its political or narrower meaning, but was attempting to set up a standard of actual residence and intention so as to exclude those persons who would probably not be permanent inhabitants of the state. It is also noted that Article 4242, Revised Civil Statutes, 1925, which provides for the application, requires that it show age, nativity, and residence of patient for two years next preceding the date of the application, but makes no inquiry concerning present citizenship, naturalization or other information of this nature.

It is our opinion that a person afflicted with tuberculosis, not born in Texas, who has resided in Texas for more than three years, with the bona fide intention of being a citizen thereof, may be admitted to the State Tuberculosis Sanatorium under Article 3240, Revised Civil Statutes, 1925.

In answer to your second question, it is our opinion that a bona fide intention to establish a domicile in Texas and become an inhabitant thereof, constitutes the intention contemplated within the meaning of Article 3240, Revised Civil Statutes, 1925.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
    Cecil C. Cammack
      Assistant

CCC:RS

APPROVED MAY 1, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY CHAIRMAN